NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TJTM TECHNOLOGIES, LLC,**
*Plaintiff-Appellant*

**v.**

**GOOGLE LLC,**
*Defendant-Appellee*

---

2025-1218

---

Appeal from the United States District Court for the Northern District of California in No. 3:24-cv-01232-TLT, Judge Trina L. Thompson.

---

Decided: May 5, 2025

---

BLAIR V. KITTLE, Cotchett, Pitre & McCarthy, LLP, Burlingame, CA, argued for plaintiff-appellant. Also represented by JOSEPH W. COTCHETT, VASTI S. MONTIEL.

JONATHAN IRVIN TIETZ, Perkins Coie LLP, Washington, DC, argued for defendant-appellee. Also represented by DAN L. BAGATELL, Hanover, NH.

---

Before DYK, CHEN, and STARK, *Circuit Judges*.

CHEN, *Circuit Judge.*

TJTM Technologies, LLC (TJTM) appeals the United States District Court for the Northern District of California's grant of Google LLC's (Google) motion to dismiss. *TJTM Techs., LLC v. Google LLC*, No. 24-CV-01232-TLT, 2024 WL 5106443, at \*6 (N.D. Cal. Oct. 22, 2024) (*Decision*). Below, the district court determined that representative claim 1 of TJTM's U.S. Patent No. 8,958,853 ('853 patent) (1) is directed to an ineligible abstract idea and (2) lacks an inventive concept. Thus, the district court determined that the '853 patent claims were ineligible under 35 U.S.C. § 101, and TJTM could not survive a motion to dismiss its patent infringement action. Because we agree that the '853 patent claims are ineligible under § 101, we *affirm*.

## BACKGROUND

TJTM is the owner of the '853 patent. The '853 patent relates to "a mobile device including functionality for suppressing user notifications of communications received by the mobile device." '853 patent col. 1 ll. 14–18. The specification discloses a generically-described mobile phone having an "inactive mode" which suppresses incoming notifications of calls, texts, emails, etc. and automatically notifies the sender with an "away message." *Id.* col 1 l. 66 – col. 2 l. 1.

Independent claim 1 is representative and recites:

A mobile device, comprising:

a wireless communication module;

a processor, controlling the wireless communication module; and

a memory controlled by the processor, the memory including instructions that when executed by the processor cause the processor to perform the steps of:

> providing a graphical user interface through which a user customizes one or more functions of the mobile device when placed in an inactive mode;
>
> receiving a user selection to automatically initiate the inactive mode in response to the pairing of the mobile device with a vehicle;
>
> receiving a user selection of an away message to use when the mobile device is in inactive mode;
>
> in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode;
>
> when the mobile device is in inactive mode, in response to receiving a communication from the wireless communication module, transmitting the user selected away message via the wireless module and suppressing one or more sound, visual, or vibration communication cues that would have accompanied the communication had the mobile device not been in inactive mode.

*Id.* at col. 12 ll. 36–61.

On February 29, 2024, TJTM filed a complaint alleging certain features implemented in Google Android phones to prevent distracted driving infringed TJTM's '853 patent. *Decision*, 2024 WL 5106443, at *1. In response, Google filed a motion to dismiss, which the district court granted after applying the two-step framework outlined in *Alice Corp. Pty. v. CLS Bank International*, 573 U.S. 208 (2014). For its *Alice* step one analysis, the court found that

representative claim 1[1] was directed to the abstract idea of "screening notifications." J.A. 253. After finding that claim 1 lacks an inventive concept under *Alice* step two, the court granted TJTM leave to amend its pleadings to address step two. For step one, the court found amendment was futile. *See id.* at 258–59.

On September 3, 2024, TJTM filed its first amended complaint, and Google responded by filing a second motion to dismiss. *Decision*, 2024 WL 5106443, at *1.

After revisiting its *Alice* step two analysis, the district court agreed with Google that each of the components in claim 1 was generic and well-known, and combined in conventional fashion. *See id.* at *6. Thus, the court determined that TJTM's allegations in its amended complaint were insufficient to withstand Google's patent-eligibility challenge and dismissed TJTM's infringement case.

TJTM timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

On appeal, TJTM first argues the district court erred in its step one analysis. According to TJTM, mobile devices in normal operation can cause distracted driving, and "the patent addresses this technological problem with a technological solution." Appellant Br. 9.

In its first motion to dismiss order, the district court determined that claim 1's language describes little more than "screening notifications" for a mobile device. J.A. 253. For further support, the district court noted the specification highlighted the problem of distracted driving and its

---

[1]    TJTM does not dispute that claim 1 is representative of all the claims of the '853 patent, i.e., claims 1–9. *See generally* Appellant Br.

proposed solution was to simply suppress communications. *See id.* (citing '853 patent col. 2 ll. 2–3, 46–56).

TJTM's argument does not dispute any of these findings. Instead, TJTM suggests that claim 1 is analogous to the claims found eligible in *Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373 (Fed. Cir. 2024), and similar cases in which this court determined claims "directed to a technological solution to a technological problem" were not directed to patent ineligible subject matter. *See* Appellant Br. 12–16. This argument is unavailing.

As the district court observed, claim 1 describes "[t]he method of mobile devices pairing with vehicles to automatically enter inactive mode." J.A. 253. While the method may improve a user's *experience* via a mobile device automatically entering inactive mode, that extra user benefit alone does not amount to a "technological improvement" under our precedent. The claimed invention merely recites a different mode of operation for a mobile phone without reciting any change to the underlying mobile phone technology. *Cf. Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016) (determining that the claimed invention was directed to a specific self-referential table for a computer database and not merely "the concept of organizing information using tabular formats"). TJTM's argument fails to suggest that the claims of the '853 patent are directed to anything other than an abstract idea of adding a communication-suppression function to a phone.

TJTM also disputes the district court's step two analysis. TJTM contends the district court was incorrect in finding the claim limitations—which TJTM articulates as a "specific combination" of steps that "achieve[] the patent['s] intended result of preventing distracted driving"—are "ordered in a conventional fashion." Appellant Br. 18.

In its second motion to dismiss order, the district court concluded that claim 1 recites "generic and well-known" components "ordered in a conventional fashion." *Decision*,

2024 WL 5106443, at *6.  We agree with the district court's analysis.

TJTM's arguments are merely conclusory assertions that claim 1 recites an inventive concept.  TJTM does not suggest *how* or *why* claim 1's sequence[2] of "placing [a] communications device in inactive mode," "detecting an incoming communication," "suppressing [a] notification to [a] user," and "transmitting an away message to the sender of the communication," Appellant Br. 19, is anything more than a description of the abstract idea of suppressing notifications on a cell phone.  We have previously "explained that merely applying an abstract idea to a 'particular technological environment,' . . . [i]s not enough to transform the underlying idea into something patent eligible." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (internal citation removed).

Conclusory allegations as to an inventive concept are insufficient to defeat a motion to dismiss.  *See Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1365–66 (Fed. Cir. 2023) (disregarding conclusory allegations regarding a patent claim's inventive concept when evaluating a complaint under Rule 12(b)(6)).  Before the district court, TJTM relied on conclusory statements, and it continues to do so in this appeal.  Therefore, like the district court, we conclude that representative claim 1 lacks an inventive concept.[3]  Accordingly, the claims of the '853 patent are patent ineligible under § 101.

---

2    TJTM lists five steps as part of the '853 patented invention.  *See* Appellant Br. 19.  However, its fifth step, "upon completion of the inactive mode, notifying the user of missed communications," is not disclosed in representative claim 1.  Thus, we omit this step from our discussion.

3    Though TJTM suggested in its briefs that "pairing the mobile device with the vehicle and automatically

We have reviewed the remainder of TJTM's arguments and find them unpersuasive.  For the foregoing reasons, we affirm.

**AFFIRMED**

---

putting it in inactive mode" is an inventive concept, *see* Appellant Br. 19, at oral argument TJTM effectively conceded that, at the time of invention, "pairing the mobile device" was not an inventive part of the '853 patent.  *See* Oral Arg. at 9:29–10:59, available at https://www.cafc.uscourts.gov/oral-arguments/25-1218_04 062026.mp3 (agreeing that "methods of pairing" were known in the field and were not a necessary part of the asserted claim).